UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Christopher A.F.E.,<br><br>Petitioner,<br><br>v.<br><br>Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; Daren K. Margolin, *Director for Executive Office for Immigration Review*; David Easterwood, *Acting Director, Fort Snelling Field Office Immigration and Customs Enforcement*; Department of Homeland Security; Immigration and Customs Enforcement; and Executive Office for Immigration Review,<br><br>Respondents. | Civ. No. 26-150 (JWB/ECW)<br><br><br>ORDER ON<br>PETITION FOR WRIT OF<br>HABEAS CORPUS |

Victor Cedeno, Esq., Thompson Hine LLP, counsel for Petitioner.

Ana H. Voss, Esq., and Justin Merak Page, Esq., United States Attorney's Office, counsel for Respondents.

This case asks whether Respondents may detain a noncitizen under 8 U.S.C. § 1225(b)(2) after previously releasing him from custody under 8 U.S.C. § 1226 and placing him in removal proceedings under 8 U.S.C. § 1229. The answer is no. Because Respondents previously exercised authority to release Petitioner Christopher A.F.E. under § 1226, that statute—not § 1225—governs detention while removal proceedings remain pending.

Although Respondents were ordered to answer with a memorandum explaining their position and affidavits and exhibits as needed to establish the lawfulness of Petitioner's detention (*see* Doc. No. 4), Respondents limited their response to one page stating they assert all arguments raised in *Avila v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025). (*See* Doc. No. 8.)

Respondents' position has been often rejected in this District. *See, e.g.*, *Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1142–48, 1150–52 (D. Minn. 2025); *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 968–970 (D. Minn. 2025); *Mayamu K. v. Bondi*, Civ. No. 25-3035 (JWB/LIB), 2025 WL 3641819, at *7–8 (D. Minn. Oct. 20, 2025). Therefore, the petition is granted to the extent that it requests release.

## BACKGROUND

Petitioner is a native and citizen of Ecuador. (*See* Doc. No. 1, Petition ¶¶ 14, 31.) He entered the United States as a minor without inspection on September 9, 2023. (*Id.* ¶¶ 32–34.) Immigration authorities encountered him shortly after that. (*Id.* ¶ 35.) On September 15, 2023, the Department of Homeland Security issued a "Notice of Custody Determination" directing that Petitioner be released "[p]ursuant to . . . section 236 . . . on [his] own recognizance." (*Id.* ¶ 35; Doc. No. 2-1, Ex. A.)

The Order of Release on Recognizance issued that same day states that the release was "[i]n accordance with section 236 of the Immigration and Nationality Act," which corresponds with § 1226. (Petition ¶ 35; Doc. No. 2-1, Ex. B.) Nothing in the record reflects that the order was ever cancelled or revoked, that Petitioner has not complied with his conditions of release, or that he has a criminal history warranting mandatory

custody.

Petitioner has remained in the country since his release. (Petition ¶ 32.) He is currently 18 years old. (*Id.* ¶ 33.)

On January 8, 2026, Immigration and Customs Enforcement officers apprehended Petitioner. (*Id.* ¶ 36.) He has since remained in custody at the Henry Whipple Federal Building in Fort Snelling, Minnesota. (*Id.* ¶ 14.)

## DISCUSSION

### I. Legal Standard

A writ of habeas corpus may issue where a petitioner is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). The petitioner bears the burden of establishing, by a preponderance of the evidence, that the challenged detention lacks a lawful statutory basis. *See Aditya W. H. v. Trump*, 782 F. Supp. 3d 691, 703 (D. Minn. 2025) (collecting cases).

Immigration detention, like all civil detention, must rest on an express congressional grant of authority and must bear a reasonable relation to its statutory purpose. *Zadvydas v. Davis*, 533 U.S. 678, 687, 690 (2001) (quoting *Jackson v. Indiana*, 406 U.S. 715, 738 (1972)). Section 2241 confers jurisdiction to determine whether the Executive Branch has statutory authority to detain an individual, including in the immigration context. *See id.* 687–88.

### II. Analysis

Petitioner challenges only the lawfulness of his detention under federal law. He does not contest any removal order, the conduct of removal proceedings, or the execution

of removal. Therefore, jurisdiction lies under 28 U.S.C. § 2241 to review the legal basis for custody. *See, e.g.*, *Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154–55 (D. Minn. 2025). Because the Petition is not directed at removal, statutory channeling provisions do not apply either. *See Jennings v. Rodriguez*, 138 S. Ct. 830, 841 (2018).

The Immigration and Nationality Act ("INA") distinguishes between inspection, removal proceedings, and detention authority. "Inspection" is the process by which immigration officers determine whether a noncitizen seeking entry at the border or a port of entry may be admitted to the United States. *See* 8 U.S.C. § 1225(a). Section 1225 governs that process and generally requires detention. *Id.*; *see also Maldonado*, 795 F. Supp. 3d at 1149.

Section 1226, by contrast, governs detention of noncitizens already present in the United States. *Jennings*, 138 S. Ct. at 846. Detention under § 1226(a) is not mandatory and permits release on bond or recognizance. *Maldonado*, 795 F. Supp. 3d at 1149–50.

Respondents did not specifically respond to Petitioner's claim that § 1225(b)(2) does not apply to him. However, they have previously asserted in similar cases, such as *Avila v. Bondi*, No. 25-3741 (JRT/SGE), 2025 WL 2976539 at *5 (D. Minn. Oct. 21, 2025), that § 1225(b)(2) authorizes the detention of certain "applicants for admission" pending removal proceedings.

The vast majority of district courts considering that assertion, including this Court, have determined that the text, structure, and function of the INA's detention provisions all indicate that § 1225 does not apply to noncitizens in Petitioner's posture. *See Eliseo A.A. v. Olson*, Civ. No. 25-3381 (JWB/DJF), 2025 WL 2886729 (D. Minn. Oct. 8, 2025);

4

*Mayamu K. v. Bondi*, Civ. No. 25-3035 (JWB/LIB), 2025 WL 3641819 (D. Minn. Oct. 20, 2025); *Khalid B.Q. v. Bondi*, Civ. No. 25-4584 (JWB/DJF), Doc. No. 10 (D. Minn. Dec. 18, 2025); *Xuseen A. v. Bondi*, Civ. No. 25-4514 (JWB/DJF), Doc. No. 16 (D. Minn. Dec. 19, 2025).

*Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), does not alter the result either. Respondents cite to it as if it reflects an independent adjudicatory resolution of statutory ambiguity. It does not. The Board of Immigration Appeals is a component of the Department of Justice and operates under the Attorney General's supervisory authority. Its precedents are subject to review, revision, and overruling by the Attorney General, who sets binding interpretations of the Immigration and Nationality Act for the Executive Branch. *Yajure Hurtado* thus reflects the Department of Justice's adopted litigation position concerning the scope of § 1225(b)(2), not an interpretation generated independently of that position. And even if it were such an independent interpretation, it would run headlong into the statute's text and structure for the reasons already explained. Where an agency's reading conflicts with the statute Congress enacted, it does not control. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 394 (2024) (explaining that only long-standing and consistent agency interpretations merit weight); *see also Belsai D.S. v. Bondi*, Civ. No. 25-3682 (KMM/EMB), 2025 WL 2802947, at *7 n.5 (D. Minn. Oct. 1, 2025).

In habeas review, the question is not whether the Executive Branch has spoken with one voice—whether through DOJ or the BIA—but whether the detention authority it asserts is grounded in statute. That determination remains for the Article III courts. *See*

5

*Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) ("[T]he habeas statute … does not require courts to defer to the Attorney General's interpretation of the statute. Rather, it requires the courts to determine whether the detention is lawful.").

The analysis here is straightforward. Respondents placed Petitioner in removal proceedings under § 1229a, released him from custody under § 1226, and allowed him to remain in the community for over two years. Nothing in the record suggests Respondents ever revoked that release based on flight risk, danger, changed circumstances, or any other reason.

Section 1225(b)(2) provides no authority to revisit that custody determination later. The Supreme Court has consistently treated §§ 1225 and 1226 as addressing different populations at different procedural moments, not as interchangeable sources of detention authority. *Jennings*, 138 S. Ct. at 836–38. Nothing in § 1225 authorizes Respondents to revive mandatory detention just by recharacterizing a previously released noncitizen as an applicant for admission. *See, e.g.*, *Jose J.O.E.*, 797 F. Supp. 3d at 969–70. The statute contains no mechanism for that switch. Allowing Respondents to toggle between detention regimes in this way would collapse the statutory structure Congress enacted and render § 1226 largely superfluous.

On this record, Petitioner's continued detention rests on a statute and an interpretation that do not apply and is unlawful. *See Khalid B.Q.*, Civ. No. 25-4584, Doc. No. 10 at 6; *Xuseen A.*, Civ. No. 25-4514, Doc. No. 16 at 7. Thus, he is entitled to a writ of habeas corpus that grants his immediate release subject to the conditions in his original Order of Release on Recognizance. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008)

(describing release as the "typical remedy" for "unlawful executive detention").

Where the record shows Respondents have not identified a valid statutory basis for detention in the first place, the remedy is not to supply one through further proceedings. Because Petitioner has shown Respondents have not invoked a provision of the Immigration and Nationality Act that authorizes his continued detention, the petition for a writ of habeas corpus is granted, and Petitioner's other habeas claims are not reached.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this case,

**IT IS HEREBY ORDERED** that:

1. Petitioner Christopher A.F.E's Petition for a writ of habeas corpus (Doc. No. 1) is **GRANTED**.

2. Respondents shall immediately release Petitioner from custody. He must be released in Minnesota and subject to the conditions of his September 15, 2023 Order of Release on Recognizance.

3. Respondents shall confirm the time, date, and location of Petitioner's release within 48 hours from the date of this Order.

4. Respondents may not re-detain Petitioner under a statutory theory this Court has rejected in this proceeding absent materially changed circumstances.

5. Petitioner's other claims are not reached.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: January 14, 2026   *s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge